IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ARTHUR JONES, Jr., )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | CR # 2:99-CR-362<br>C/A # 2:05-302-18<br><br>**ORDER AND OPINION** |

This matter is before the court pursuant to the Respondent's Motion for Summary Judgment which was filed on March 22, 2005. Petitioner filed his response on April 26, 2005 and it appears that the Government's motion is ripe for decision.

## FACTUAL BACKGROUND

On April 14, 1999, an Indictment was returned against Arthur Jones, Jr. (Jones). On April 22, 1999, Jones was arraigned on the charges contained in the Indictment, and an order of temporary detention was entered. A detention hearing was held on May 4, 1999, at which time the court appointed the Federal Public Defender's office to represent Jones. On June 1, 1999, Dale T. Cobb, Esq., of the Charleston Bar was added as defense counsel for Jones. On October 29, 1999, Jones filed a Motion to Suppress his confession. Jones' jury trial commenced on November 1, 1999. On that day, the court heard arguments on the suppression motion and denied it. The jury found Jones guilty on November 3, 1999. On March 3, 2000, this court sentenced Jones to 20 years as to Count

1

1 of the Indictment and life as to Count 2, such terms to run concurrently. Jones filed a Notice of Appeal on March 13, 2000. On November 17, 2000, the Fourth Circuit issued it's Mandate affirming the district court's decision.

Jones filed a petition pursuant to 28 U.S.C. § 2255 on or about November 13, 2001, asserting 15 claims, including the three claims discussed in his current Motion. On June 5, 2002, the undersigned filed an Order addressing all of the issues raised in Jones' Petition and dismissing it. On June 19, 2002, Jones moved the court to reconsider its June 5th decision. This motion was denied on July 2, 2002. On September 4, 2002, Jones filed a Motion for a Certificate of Appealability. This motion was denied on September 12, 2002. On October 23, 2002, Jones filed his Notice of Appeal. On February 3, 2003 the Fourth Circuit dismissed his appeal in an unpublished, per curiam decision. Jones filed the current Motion pursuant to 28 U.S.C. § 2255 and Federal Rule of Civil Procedure 60(b)(4) on January 31, 2005.

## ANALYSIS

Jones has titled his Motion as one pursuant to both 28 U.S.C. 2255 and Federal Rule of Civil Procedure 60(b)(4). District courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir.2003) (quoting United States v.Calderon 523 U.S. 538, 553, 118 S.Ct. 1489, 140 L.Ed.2d 738 (1998)). A district court has no discretion to

2

rule on a Rule 60(b) motion that is functionally equivalent to a motion pursuant to 28 U.S.C. § 2255, if the motion, once properly classified, would be barred from review. Id.

Federal Rule of Civil Procedure 60(b)(4) provides for relief from a judgment that is "void." A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992) (quoting 11 Wright and Miller, Federal Practice and Procedure, Civil § 2862 at 198-200 (1973)). Jones attempts to bring his arguments under the purview of Fed. R. Civ. P. 60 by arguing that the order dismissing his prior petition is void because it denied him due process of law. Jones' current motion merely regurgitates his previous arguments and avers that this court's previous decisions on the issues were wrong.[1] All of the issues raised in his current motion were raised in his prior petition. Thus, Jones' current motion is clearly an attempt to relitigate issues he raised in his prior petition pursuant to § 2255, and can only be designated as a successive filing.

Since Jones' Motion is a successive filing for relief under § 2255, this court must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals in order for it to perform its gatekeeping function.[2] As amended by the

---

[1] Of course, the Fourth Circuit has considered and rejected all Jones' arguments in its February 3, 2003 dismissal of Jones' appeal of this court's decision of June 5, 2002.

[2] "[A] prisoner seeking to file a successive application in the district court must first obtain authorization in the appropriate court of appeals." Winestock, 340 F.3d at 205. The court of appeals must examine the application to determine whether it

3

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2255 bars successive filings unless they contain claims relying on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Jones' current Motion contains neither, and therefore must be dismissed for lack of jurisdiction.

THEREFORE, it is ordered that the Government's Motion for Summary Judgment be **GRANTED** and Jones' Petition pursuant to Rule 60(b) and 28 U.S.C. § 2255 be **DISMISSED**.

**AND IT IS SO ORDERED.**

s/David C. Norton
David C. Norton
United States District Judge

Charleston, SC
May 2, 2005

---

contains any claim that satisfies § 2255. Id.